No. 23-1601

IN THE

# United States Court of Appeal
# for the Third Circuit

JIN-PYONG PETER YIM
*Appellant*
*v.*

NATIONAL INSTITUTES OF HEALTH
*Appellee*

———————————

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————

APPELLANT'S BRIEF
AND
JOINT APPENDIX
VOL. 1

———————————

JIN-PYONG PETER YIM
*in proper person*
912 PRIMROSE CT.
BELLE MEAD, NJ 08502
(908)512-1256

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF RELATED CASES AND PROCEEDINGS . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . 5

I    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II   Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III  Rulings Presented for Review . . . . . . . . . . . . . . . . . . . 9

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

I    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

II   The Court ruled that the Requested Record exists. . . . . . . 12

III  The Court erred because there is uncertainty as to the existence of the Requested Record. . . . . . . . . . . . . . . . . 12

IV  The Court erred by ruling that there was not a genuine dispute as to a material fact. . . . . . . . . . . . . . . . . . . . . . 15

V   The Court erred by by ruling that its authority is limited to the production of responsive records under FOIA. . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . 18

COMBINED CERTIFICATIONS . . . . . . . . . . . . . . . . . . . . . 18

JOINT APPENDIX, VOL. 1 . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

CASES                                                     Page

*Gardels v. CIA*, 689 F.2d 1100 (D.C. Cir. 1982) . . . . . . . . . .  17

*McDonnell v. U.S.*, 4 F.3d 1227 (3rd Cir. 1993) . . . . . . . . . .  12

*Oglesby v. United States Dep't of the Army*,
    920 F.2d 57 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . .  11, 16

*Wilner v. Nat'l Sec. Agency, 592 F.3d 60*,
    68 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . .  17


CONSTITUTIONAL PROVISIONS, STATUTES AND RULES

Title 28, United States Code

    § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Title 5, United States Code

    § 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*


OTHER AUTHORITIES

*The COVID-19 Treatment Guidelines Panel's Statement on
    the Use of Ivermectin for the Treatment of COVID-19*,
    January 14, 2021 . . . . . . . . . . . . . . . . . . . . . . . . . .  1

# INTRODUCTION

On March 29, 2023, the United States District Court in the District of New Jersey (the Court) ordered that a motion for summary judgment (Motion) be granted against the complaint (Complaint) of Jin-Pyong Peter Yim (Yim) v. the National Institutes of Health (NIH). (JA20-JA28). The Complaint alleged that the NIH failed to respond to the following request (FOIA Request) under 5 U.S.C. § 552,(Freedom of Information Act (FOIA)). The FOIA Request was for:

> ""All updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel.  (Date Range for Record Search:  From 01/01/2021 To 01/28/2021)" (JA26).

The FOIA Request was designed to determine whether the federal government had consulted with the COVID-19 Treatment Guidelines Panel (Panel) in issuing an update to the COVID-19 Treatment Guidelines in January, 2021 (January 2021 Update). *See The COVID-19 Treatment Guidelines Panel's Statement on the Use of Ivermectin for the Treatment of COVID-19*, January 14, 2021. [1]

---

[1] See `https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf`

The Update was on the use of ivermectin in COVID-19 and stated in part:

> "The COVID-19 Treatment Guidelines Panel (the Panel) has determined that currently there are insufficient data to recommend either for or against the use of ivermectin for the treatment of COVID-19. Results from adequately powered, well-designed, and well-conducted clinical trials are needed to provide more specific, evidence-based guidance on the role of ivermectin for the treatment of COVID-19."

The Court did not dispute that NIH failed to respond to the FOIA Request within 20 business days as required by law. (A7). However, the Court found that the Complaint was mooted by responses of the NIH subsequent to the Complaint filing of March 29, 2021. In its Opinion (Opinion) the Court found:

> "The NIH has produced the requested documents to Plaintiff. Plaintiff does not object to the completeness of the production, nor does he allege that Defendant has withheld any specific documents described in his request. Therefore, the Court has no further statutory function to perform under FOIA with respect to Plaintiff's FOIA claim." (JA11).

This ruling is appealed because the Court erred. This brief will clearly establish that the Court erred: (a) when it did not have adequate evidence to make a determination as to the existence of a

2

record that is responsive to the FOIA Request (Requested Record),
(b) when it ruled that there was not a genuine dispute as to a
material fact and (c) when it ruled that the authority of the Court
is limited to ensuring the production of responsive documents.

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction under 28 U.S.C.
§ 1331 because this case concerns questions of federal law, namely
the Freedom of Information Act, 5 U.S.C. § 552.

This Court has appellate jurisdiction under 28 U.S.C. § 1291
because on March 29, 2023, the district court entered an Order
rendering a final judgment dismissing all of Yim's claims and Yim
filed a timely notice of appeal three days later, on April 1, 2023.

## STATEMENT OF THE ISSUES

1. Whether the Court ruled that the Requested Record exists.
   Yim raised the issue that the Requested Record may not exist
   in his brief in opposition to the motion for summary judgment.
   (JA51, JA53).

2. Whether the Court erred because there is uncertainty in the existence of the Requested Record. Yim raised the issue that the Requested Record may not exist in his brief in opposition to the motion for summary judgment (Memorandum). (JA51, JA53).

3. Whether the Court erred by ruling that there is not a genuine dispute as to a material fact. Yim raised the issue that there is a genuine dispute as to a material fact in the Plaintiff's Response to Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment (Plaintiff's Response). (JA60).

4. Whether the Court erred in ruling that its authority is limited to the production of responsive records under FOIA. Yim raised the issue that NIH must provide a notification of an adverse determination in the case when a the requested record does not exist. (JA51, JA53).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not been before this court previously, and there are no other cases in any court or agency related to the agency action

at issue in this case.

## STATEMENT OF THE CASE

## I   Relevant Facts

On January 28, 2021 Yim submitted a request (FOIA Request) to the National Institutes of Health (NIH) under 5 U.S.C. § 552 (FOIA). The request was for:

> "All updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)" (JA26).

Yim was aware that an update to the Treatment Guidelines update on the drug ivermectin was issued in that time period (Update) and that the Update was publicly available. The intent of the FOIA Request was to find out whether a vote had been held on the Update.

The NIH did not respond to the FOIA Request within 20 business days as required by statute. Also, in that time period the NIH failed to seek a permitted extension, to determine and communicate to Yim the scope of any responsive records it intended

to produce or withhold and the reasons for withholding, or inform Yim of right to appeal.(JA26, JA27) For these reasons, Yim filed a complaint (Complaint) in the United States District Court in the District of New Jersey on March 29, 2021 alleging that NIH violated FOIA.

Subsequent to the Complaint, the NIH responded to the FOIA Request in a letter dated April 23, 2021 (April 23 Letter) from the NIH FOIA Officer, Gorka Garcia-Malene (NIH Officer).  The NIH Officer provided the following information with regard to the Requested Record:

> "All approved updates to the guidelines are posted online and can be found at [Link].  The documents posted on this website respond to your request in full."[2] (JA29).

Then, subsequent to a statement from Yim requiring that the NIH explicitly state that the Requested Record did not exist, NIH provided additional responses. (JA32). Notably, the Assistant United States Attorney, representing the NIH, Margaret Mahoney (NIH Attorney), stated on May 6, 2021;

---

[2]"Link" replaces `https://www.covid19treatmentguidelines.nih.gov/whats-new/`

"... The records you requested do exist ..." (JA31).

Also notably, on August 27, 2021, the NIH Attorney identified a specific record and stated that it is responsive to the FOIA Request (August 27 Email).

> "Please be advised that the link you supplied, to wit [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request (#55822). As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested. It appears you were able to locate the publicly available document with those directions." [3] (JA36).

Finally, in a email dated September 1, 2021, the NIH Officer provided a second letter (August 31 Letter).  In addition to the statement from April 23 Letter, the August 31 Letter states:

> "Please be advised that [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request **date range from 1/01/2021 to 0/28/2021** (#55822). As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested.  It appears you were able to locate the publicly available document with those directions. " (JA40).

---

[3]"NIH Link" is defined in the Opinion and in this brief as `https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf.`

The language of the August 31 Letter differs from the August 27 Email. Differences include the bold text which is found only in August 31 Letter.

The NIH also made a statement (Material Fact #25) regarding the August 31 Letter in the Statement of Material Facts in Support of the Motion for Summary Judgement (Defendant's Statement):

> "On September 1, 2021, via email at 11:26 am, NIH supplied Yim with a second NIH response letter dated August 31, 2021, signed by NIH FOIA Officer Gorka Garcia- Malene, with the exact wording he requested." (JA45).

Material Fact #25 is disputed in the Plaintiff's Response to the Defendant's Statement of Undisputed Material Facts (Plaintiff's Response):

> "Yim received no such letter." (JA60).

## II   Proceedings Below

Yim filed this action against the National Institutes of Health in the United States District Court for the District of New Jersey on March 29, 2021 seeking injunctive relief. Plaintiff challenged NIH

failure to respond to Yim's FOIA Request within the statutorily required period.

On June 30, 2021, NIH filed its Answer to the Complaint. On September 24, 2021, NIH moved for summary judgment. On October 13, 2021, Plaintiff opposed the motion. On October 29, 2021, NIH replied to the opposition.

## III   Rulings Presented for Review

1. The Court ruling that the Requested Record exists.

2. The Court ruling that there was no genuine dispute as to material facts.

3. The Court ruling that its authority is limited to the production of responsive records under FOIA.

## SUMMARY OF THE ARGUMENT

The Court ordered dismissal of the Complaint stating that "[t]he NIH has produced the requested documents to Plaintiff ..." (JA11). and further, that in any case that "...this Court does not have the

authority to remedy issues unrelated to the production of responsive documents." (JA11).

The Court erred in arriving at its ruling. The Court did not have sufficient evidence to find that the "NIH has produced the requested documents".(JA11). First, and most importantly, responses to the FOIA Request provided a hyperlink, Link, to a webpage with that neither contained the January 2021 Update nor did the referenced webpage contain a hyperlink to the January 2021 Update. (JA29, JA40).

Also, evidence that the Requested Record exists is uncertain because the NIH was unable to provide the Court with the original version of the August 27 Letter and because NIH provided differing responses to the FOIA Request through different NIH representatives.

Furthermore, the Court erred in arriving at its ruling because there is a genuine dispute as to a material fact. In comparing two responses from the NIH, a dispute arose. NIH provided responses to the FOIA Request in the August 27 Email and in the August 31 Letter. (JA36, JA40). The first was from the NIH Attorney. The second was from the NIH Officer. Yim had requested that the

statement from the August 27 Email be provided in a letter signed by an NIH employee. (JA37). The NIH cynically claims that the statement in the August 31 Letter is the same as the statement from the August 27 Email. (JA45). Yim disputes that claim. (JA60).

Furthermore, the Court misinterpreted the FOIA statute and court rulings. In understanding its authority, the Court does not recognize the clear language under 5 U.S.C. § 552(a)(6)(A)(i) requiring notification of adverse determinations. Also, *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 67 (D.C. Cir. 1990) found that an adverse determination has been made when records cannot be located.

The decision facing this court is as plain as night and day. The decision of the court below must reversed.

## ARGUMENT

## I   Standard of Review

This court relies on a two-tiered test in cases involving FOIA. "If this Court concludes that the affidavits presented a sufficient factual basis for the district court's determination, it must then decide

whether that determination was clearly erroneous." *McDonnell v. U.S.*, 4 F.3d 1227, 1242 (3rd Cir. 1993).

## II    The Court ruled that the Requested Record exists.

The Court ruled that the Requested Record exists. This is evident in various statements in the Opinion: "[NIH] provided a link to Plaintiff for the responsive documents on its website. " (JA8). "...Defendant has produced all the responsive records in its possession." (JA9). ", the Court finds that NIH provided documents responsive to Plaintiff's request." (JA9).

Also, the Court ruled that a Uniform Resource Locator (URL) was responsive to the FOIA Request provided "through various email correspondence".

> "Plaintiff does not dispute that the documents themselves, contained within the NIH Link provided to Plaintiff through various email correspondence, are responsive to his FOIA request." (JA10).

## III    The Court erred because there is uncertainty as to the existence of the Requested Record.

There is uncertainty as to the existence of the Requested Record for several reason. First, and most importantly, responses to the

12

FOIA Request provided a hyperlink, Link, to a webpage that neither contained the January 2021 Update nor did it contain a hyperlink to the January 2021 Update. (JA29, JA40). Nor is the referenced webpage well defined since its content is variable.

Second, there is uncertainty as to the existence of the Requested record because differing responses to the FOIA Request were provided by different NIH representatives. For example, differences are apparent comparing the August 27 Email from the NIH Attorney and the August 31 Letter from the NIH Officer.

In the August 27 Email, the January 2021 Update is exactly specified by the NIH Attorney and was identified as the FOIA Response. In contrast, in the August 31 Letter, the January 2021 Update was exactly specified by the NIH Officer but it was not identified as the FOIA Response. One section from the two FOIA responses are shown side-by-side below. The August 27 Email statement from the NIH Attorney is quoted first, the August 31 Letter statement from the FOIA Officer is quoted second. Bold is added to indicate text added to the second statement.

> "Please be advised that the link you supplied, to wit [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request (#55822)."(JA36).

"Please be advised that [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request **date range from 1/01/2021 to 0/28/2021** (#55822).(JA40).

Third, there is uncertainty as to the existence of the Requested Record because there are differences between one NIH representation of the August 27 Email (August 27 Email Altered 1) and the actual August 27 Email. The actual August 27 Email contains the NIH Link which locates the January 2021 Update on the internet. (JA36). August 27 Email Altered 1 is identical except that it contains an altered version of NIH Link (NIH Link Altered 1)[4] that does not link to the January 2021 Update. (JA38).

Finally, there is uncertainty as to the existence of the Requested Record because there are differences between the NIH representation of a passage of the August 27 Email (August 27 Email Altered 2) and the actual passage in the August 27 Email. August 27 Email Altered 2 is identical to a passage in the August 27 Email except that it contains a second altered version of NIH

---

[4]NIH Link Altered 1 is: `https://files.covid19treatment guidelines.nih.gov/guidelines/archive/statementâĂŘo nâĂŘivermectinâĂŘ01âĂŘ14âĂŘ2021.pdf`

Link (NIH Link Altered 2)[5] that does not link to the January 2021 Update. (JA44). The Court was alerted to this discrepancy. (JA59).

In sum, the Court erred by looking the other way when confronted with irregularities in the NIH FOIA responses and disclosures to the Court regarding the FOIA responses.

## IV  The Court erred by ruling that there was not a genuine dispute as to a material fact.

The Court ruled that there was no genuine dispute as to a material fact:

> "... the Court concludes that there is no genuine issue of material fact as to NIH having properly discharged its obligation under FOIA." (JA14, JA15).

The Court plainly erred in this ruling. Yim stated in an email to NIH on Aug 27, 2021 at 1:56 PM:

> "The language from [the August 27 Email] is fine. I am interested to know if an NIH employee is willing to sign the letter." (JA37).

---

[5]NIH Link Altered 2 is: `https://files.covid19treatmentgu idelines.nih.gov/guidelines/archives/statement-on-i nvermectin-01-14-2021.pdf`

A dispute arose as to whether NIH provided that letter. NIH claims that it provided that letter.

> "On September 1, 2021, via email at 11:26 am, NIH supplied Yim with a second NIH response letter dated August 31, 2021, signed by NIH FOIA Officer Gorka Garcia- Malene, with the exact wording he requested." (JA45).

Yim disputes the claim that NIH provided the requested letter (JA60). Yim did receive a letter on August 31 but side-by-side comparison of the wording from the August 31 Letter and the August 27 Email shown in Argument shows differences between the requested and provided wording. To be clear, this is only a "dispute" to the extent that the NIH denies objective reality.

## V    The Court erred by by ruling that its authority is limited to the production of responsive records under FOIA.

There is uncertainty in the existence of the Requested Record and the Court erred in ruling that the record exists. Uncertainty in the existence of the Requested Record is material. When records cannot be located the agency is required to notify the requester that an adverse determination has been made. *Oglesby*, 920 F.2d at 67 (holding that an agency's "no record" response constitutes

an "adverse determination" and therefore requires notification of appeal rights under 5 U.S.C. § 552(a)(6)(A)(i)).

Nor does there exist a rationale for a neither-confirm-nor-deny response regarding the existence of the Requested Record. Courts have held that agencies "may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a[] FOIA exception." *Wilner v. Nat'l Sec. Agency, 592 F.3d 60*, 68, 68 (2d Cir. 2009), (quoting *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)). (internal quotation marks omitted).

Without clarity on whether the Requested Record exists, the Court cannot reliably determine whether the agency has met its obligations under FOIA.

## CONCLUSION

This Court should reverse the Order of the District Court granting the Motion for Summary Judgment and remand for further proceedings.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument concerning all issues that form the subject matter of this Appeal.

## COMBINED CERTIFICATIONS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3039 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because it uses a proportionally spaced typeface: Latex in 14 point New Century Schoolbook.

3. The text of the electronic and paper versions of the foregoing brief are identical.

4. A virus check was performed on this brief by anti-virus detection in Gmail.

5. On May 21, 2023, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

Dated: May 21, 2023

Respectfully submitted,

/s/ Jin-Pyong Peter Yim

Jin-Pyong Peter Yim

In proper person

No. 23-1601

IN THE

# United States Court of Appeal
# for the Third Circuit

JIN-PYONG PETER YIM
*Appellant*
*v.*

NATIONAL INSTITUTES OF HEALTH
*Appellee*

_____

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

JOINT APPENDIX
VOL. 1, PAGES JA1-JA15

_____

JIN-PYONG PETER YIM
*in proper person*
912 PRIMROSE CT.
BELLE MEAD, NJ 08502
(908)512-1256

# TABLE OF CONTENTS

Document No. 30 (Order) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA1

Document No. 31 (Notice of Appeal) . . . . . . . . . . . . . . . . . . . . . . JA2

Document No. 29, Pages 1 - 13 (Opinion) . . . . . . . . . . . . . . . . . . . JA3

,

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JIN-PYONG PETER YIM**,<br><br>            Plaintiff,<br><br>v.<br><br>**NATIONAL INSTITUTES OF HEALTH**,<br><br>            Defendant. | Civil Action No. 21-07031 (ZNQ) (LHG)<br><br><br>**ORDER** |

**QURAISHI, District Judge**

THIS MATTER having been opened to the Court upon a Motion by Defendant National

Institutes of Health ("Defendant"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, for

Summary Judgment on the Complaint of *pro se* Plaintiff Jin-Pyong Peter Yim ("Plaintiff").  (ECF

No. 18, 19.)  For the reasons set forth in the accompanying Opinion and for good cause shown,

IT IS on this 29th day of March 2023,

ORDERED that Defendant's Motion for Summary Judgment is GRANTED; and it is further

ORDERED that JUDGMENT is hereby entered in favor of Defendant; and it is further

ORDERED that the Clerk's Office is hereby instructed to mark this matter CLOSED.


/s/ Zahid N. Quraishi
**HON. ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

JA1

,

FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for     Form 1
Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)   March 2023

# UNITED STATES

## DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

### NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed: 3:21-cv-07031

Case title being appealed: Yim _____ v. N.I.H.

Date of final judgment or order being appealed: 03/29/2023

**List all Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Jin-Pyong Peter Yim

Date: 04/01/2023

Signature: _____

Name: Jin-Pyong Peter Yim

Address: 912 Primrose Ct.

Belle Mead, NJ 08502

Phone Number: 908-512-1256

Email Address: yimpj@gmail.com

JA2

,

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**JIN-PYONG PETER YIM,**

Plaintiff,

v.

**NATIONAL INSTITUTES OF HEALTH**,

Defendant.

Civil Action No. 21-07031 (ZNQ) (LHG)

**OPINION**

---

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendant National Institutes of Health ("Defendant" or "NIH") pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF Nos. 18, 19).  Defendant filed a Memorandum of Law in Support of the Motion ("Moving Br.", ECF No. 18), a Statement of Material Facts ("Def. SMF", ECF No. 19).  Plaintiff Jin-Pyong Peter Yim ("Plaintiff" or "Yim") filed a Brief in Opposition to the Motion ("Opp. Br.", ECF No. 24), along with a Response to Defendant's Statement of Material Facts ("Plf. SMF", ECF No. 24-1).  Defendant replied. (ECF No. 27.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will GRANT Defendant's Motion for Summary Judgment.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

This matter concerns *pro se* Plaintiff's request to NIH pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain documents and records relating to NIH's

COVID-19 treatment guidelines and recommendations.  (Def. SMF ¶ 1.)  Specifically, on or about January 28, 2021, Plaintiff requested: "All updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)".  (*Id.* ¶ 2.)  Approximately two months later, Plaintiff filed his FOIA complaint on March 31, 2021.  (Complaint ("Cmpl."), ECF No. 1.)

On April 23, 2021, Defendant determined that Plaintiff's requested records were made public and were posted on the NIH official government website.  (Def. SMF ¶ 6; Declaration of Gorka Garcia-Malene ("Garcia-Malene Decl."), Ex. 4, ECF No. 20.)  During the requested time period, the only update to the NIH's Guidelines concerned the drug ivermectin, which Defendant published on January 14, 2021, on its website.[1]  (Cmpl. ¶ 22; Answer ¶ 22, ECF No. 9; Declaration of Jin-Pyong Peter Yim ("Yim Decl.") ¶ 3, ECF No. 24-3.)  The parties' attempts to resolve this matter through email correspondence during this time were unsuccessful.  (*See* Garcia-Malene Decl., Ex. 6; Yim Decl., Exs. A, B, C, ECF Nos. 24-4, 24-5, 24-6; Defendant's Status Update Letter dated September 8, 2021 ("Def. Ltr."), Exs. A, B, C, ECF Nos. 16-1, 16-3, 16-5.)

On May 10, 2021, the Court denied Defendant's request for an expedited status conference to determine whether the NIH had provided Plaintiff with documents responsive to his request and thereby mooted the matter.  (ECF Nos. 5, 7.)  Pursuant to a status conference held before the Court on August 25, 2021, the Magistrate Judge ordered the parties to confer to attempt to resolve their dispute.  (ECF Nos. 11, 12, 13.)

Following the status conference, on August 26, 2021, Defendant contacted Plaintiff via email asking him to supply the exact web link he would like the NIH to certify as the responsive

---

[1] The COVID-19 Treatment Guidelines Panel's Statement on the Use of Ivermectin for the Treatment of COVID-19 (Jan. 14, 2021),
https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf   ("NIH Link".)

record to his FOIA request.  (Def. SMF ¶ 18; Def. Ltr., Ex. D, ECF No. 16-6.)  Plaintiff replied

that the link to the specific record that would be responsive to the FOIA request was the NIH Link.

(Def. Ltr., Ex. E, ECF No. 16-7.)  In response, on August 27, 2021, Defendant stated via email the

following:

> Please be advised that the link you supplied, to wit [NIH Link], is a
> valid NIH link that directs you to the document responsive to your
> FOIA request (#55822). As you will recall, on or about May 5, 2021,
> the NIH supplied you with the link to the archive tab and with
> specific directions regarding how to find the exact document you
> requested. It appears you were able to locate the publicly available
> document with those directions.

(Def. Ltr., Ex. F, ECF No. 16-8; Yim Decl., Ex. D, ECF No. 24-7.)

Yim replied on August 27, 2021, that he wanted "this change to be reflected in a formal

NIH FOIA response letter."  (Def. SMF ¶ 22; Def. Ltr., Ex. G, ECF No. 16-10.)  Following

Defendant's request for the exact language which Plaintiff would like included in NIH's response

letter, Plaintiff replied: "[t]he language from your previous email is fine. I am interested to know

if an NIH employee is willing to sign the letter."  (Def. SMF ¶¶ 23, 24; Def. Ltr., Ex. I, ECF No.

16-12.)

On September 1, 2021, Defendant transmitted to Plaintiff a revised letter dated August 31,

2021, from NIH regarding his FOIA request.  (Def. Ltr., Ex. J, ECF No. 16-13; Yim Decl. ¶ 22.)

The letter was signed by Gorka Garcia-Malene, FOIA Officer for NIH and contained the following

language:

> Please be advised that [NIH Link], is a valid NIH link that directs
> you to the document responsive to your FOIA request *date range
> from 1/01/2021 to 0/28/2021* (#55822). As you will recall, on or
> about May 5, 2021, the NIH supplied you with the link to the archive
> tab and with specific directions regarding how to find the exact
> document you requested. It appears you were able to locate the
> publicly available document with those directions.

(Def. Ltr., Ex. J-1, ECF No. 16-14; Yim Decl., Ex. E, ECF No. 24-8) (emphasis added.)

JA5

On September 2, 2021, Plaintiff submitted a "status update" letter to this Court stating that he made a settlement offer to Defendant but "Defendant has not agreed to that offer." (Plaintiff's Status Update Letter dated September 2, 2021 ("Plf. Ltr."), ECF No. 14.) Specifically, Plaintiff wrote that he would accept, as Defendant's FOIA response, Defendant's statement on August 27, 2021, confirming that the NIH Link directed him to documents responsive to his request "provided that an employee of the NIH signs a document with that statement." (*Id.*) The instant motion ensued.

## II.    <u>LEGAL STANDARD</u>

FOIA cases are typically adjudicated by summary judgment. *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993), *aff'd*, 51 F.3d 1158 (3d Cir. 1995). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 250).

"Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019).  "Thus, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact."  *Id.* (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (internal quotations omitted)).  "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

In the case of *pro se* litigants, courts have an obligation to construe *pro se* pleadings liberally and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."  *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999).

## III.  **DISCUSSION**

### A.  **FOIA OVERVIEW**

FOIA provides that a government "agency shall make available to the public" certain information specified in the statute. 5 U.S.C. § 552.  "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Because the purpose of the statute is "to facilitate public access to Government documents," the statute reflects "a general philosophy of full agency disclosure."  *Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995) (internal quotation marks omitted); *see also United States v. Tax Analysts*, 492 U.S. 136, 142 (1989). Accordingly, the FOIA requires federal agencies to make promptly available any records requested

of it by a person, provided that the request "reasonably describes such records." *Landano v. United States Dep't of Justice*, 956 F.2d 422, 425 (3d Cir. 1992) (quoting 5 U.S.C. § 552(a)(3).)

Under § 552(a)(4)(B) of FOIA, federal courts only have jurisdiction over FOIA requests where a plaintiff shows that "an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). An agency withholds records under FOIA when it has custody of responsive documents but declines to release them. *Nelson v. United States*, No. 15-1696, 2016 WL 2865786, at *2 (M.D. Pa. Apr. 8, 2016) (citing *Tax Analysts*, 492 U.S. at 149.) Once all requested nonexempt records have been produced, however belatedly, the district court has no further judicial function to perform under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform"); *see also Hajro v. United States Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016) ("[A]fter the agency produces all non-exempt documents . . ., the specific FOIA claim is moot because the injury has been remedied"); *Lechliter v. Dep't of Def.*, 371 F. Supp. 2d 589, 597 (D. Del. 2005) ("[O]nce the records are produced, the controversy becomes moot.")

## B.     PRODUCTION OF RESPONSIVE RECORDS

As set forth above, Plaintiff's FOIA request seeks records relating to "[a]ll updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel (Date Range for Record Search: from 01/01/2021 to 01/28/21)." (Def. SMF ¶ 2; Plf. RSMF ¶ 2.) In response to Plaintiff's request, Defendant determined that the documents he requested are publicly available on the NIH website. Defendant provided a link to Plaintiff for the responsive documents on its website. Accordingly, Defendant argues on the Motion that it is entitled to

summary judgment because it conducted an adequate and reasonable search and produced all responsive documents, satisfying its obligations under FOIA.

The production of requested, nonexempt documents can moot a FOIA case. *Swick v. United States Dep't of the Army*, 596 F. Supp. 3d 66, 73 (D.D.C. 2022) (citations omitted); s*ee also OSHA Data/CIH, Inc. v. United States Dep't of Labor*, 220 F.3d 153, 168 (3d Cir. 2000) (stating that production of information sought ordinarily renders a FOIA claim moot).

Here, Defendant has produced all the responsive records in its possession. Plaintiff has not argued or alleged that Defendant is improperly or deliberately withholding any records, nor does Plaintiff dispute that the documents contained within the NIH Link are responsive to his request. *See, e.g.*, *Dimodica v. United States Dep't of Justice*, No. 05-2165, 2006 WL 89947, at *4 (S.D.N.Y. Jan. 11, 2006) (noting that a claim is not mooted by agency's production where a plaintiff's FOIA claim alleges that the agency did not produce all the documents requested.)

Instead, Plaintiff argues in his opposition brief that he submitted his FOIA request to the NIH to find out who made the recommendation on the use of ivermectin for the treatment of COVID-19. (Opp. Br. at 5.) Specifically, he contends that "[g]iven that the update for the ivermectin recommendation was made in the specified time period, the FOIA request test whether a vote was held on the ivermectin recommendation." (*Id.* at 6.) However, Plaintiff's FOIA request does not specify that it seeks such records disclosing information regarding "who made the ivermectin recommendation." (Def. SMF ¶ 2; Plf. RSMF ¶ 2.) FOIA only requires that agencies make available requested records, provided that the request "reasonably describes such records." 5 U.S.C. § 552(a)(3). Based on the text of Plaintiff's FOIA request describing the requested records, and absent any objections that the records provided were not responsive, the Court finds that NIH provided documents responsive to Plaintiff's request. Accordingly, Plaintiff's FOIA

claim is now moot.  *See, e.g.*, *Campbell v. Social Sec. Admin.*, 446 F. App'x 447, 480 (3d Cir.

2011) (upholding district court's mootness determination where the agency produced all

responsive records in its possession despite plaintiff's dissatisfaction with the response); *Offor v.

United States Equal Emp't Opportunity Comm'n*, 687 F. App'x 13, 14 (2d Cir. 2017) (determining

that EEOC's production mooted suit for EEOC records); *Perry*, 684 F.2d at 125, 129 (granting

summary judgment for defendants appropriate because they "had at long last surrendered all of the

requested documents"); *Harvey v. Lynch*, 123 F. Supp. 3d 3, 5 (D.D.C. 2015) (finding case moot

because "Defendants processed the request and produced responsive records"); *Dimodica*, 2006

WL 89947, at *3 (dismissing FOIA claim as moot where the Department of Justice produced the

requested documents after the plaintiff filed his complaint).

      The Court finds that Plaintiff's remaining objections to Defendant's response to his FOIA

request are without merit.  Plaintiff does not dispute that the documents themselves, contained

within the NIH Link provided to Plaintiff through various email correspondence, are responsive

to his FOIA request.  Instead, in his opposition brief, Plaintiff argues that the NIH violated FOIA

by, *inter alia*, failing to respond promptly to his FOIA request[2] and failing to provide the

responsive documents in an accessible format as requested by Plaintiff.[3]  (*See, e.g.*, Opp. Br. at 6

("NIH failed to respond to the request within 20 working days"); *id.* at 8 ("NIH failed to provide

the record in an accessible format as requested by Yim.").)  Further, Plaintiff asserts that Defendant

failed to confirm that the documents were responsive to his FOIA request and that the *statements*

---

[2] Because Defendant has already provided the requested records to Plaintiff, Plaintiff's arguments with respect to the timeliness of the response are now moot.  *See Atkins v. Dep't of Justice*, No. 90-5095, 1991 WL 185084, at *1 (D.C. Cir. Sept. 18, 1991) ("The question whether [the agency] complied with the [FOIA's] time limitations in responding to [the plaintiff's] request is moot because [the agency] has now responded to this request."); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 839 F. Supp. 2d 17, 24 (D.D.C. 2011) ("[T]o the extent that Plaintiff's Complaint challenged the timeliness of [the agency's] production, it is now moot.")

[3] Plaintiff admits that as of September 1, 2021, NIH did indeed provide the record in the requested format.  (Opp. Br. at 9.)

in the Defendant's email correspondence and FOIA response letter were not responsive. (*See, e.g.*, Opp. Br. at 6–7 ("NIH provided non-responsive statements"); *id.* at 9 ("NIH provided the record in the format requested by Yim but did not confirm that the record was responsive to the FOIA request.").)

Even assuming *arguendo* that Plaintiff's objections to Defendant's response had merit, this Court does not have the authority to remedy issues unrelated to the production of responsive documents. The relief a court can order in a FOIA case is limited. *Swick*, 596 F. Supp. 3d at 72; *see also Canning v. United States Dep't of Def.*, 499 F. Supp. 2d 14, 23 (D.D.C. 2007) (quoting *Kissinger*, 445 U.S. at 151–52) ("FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control."). For that reason, FOIA "only authorizes a court 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" *Harvey*, 123 F. Supp. 3d at 7 (quoting 5 U.S.C. § 552(a)(4)(B)). The NIH has produced the requested documents to Plaintiff. Plaintiff does not object to the completeness of the production, nor does he allege that Defendant has withheld any specific documents described in his request. Therefore, the Court has no further statutory function to perform under FOIA with respect to Plaintiff's FOIA claim. *See* 5 U.S.C. § 552(a)(4)(B). Accordingly, the Court finds his claim to be moot. *See Perry*, 684 F.2d at 125 ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made".)

C. **ADEQUACY OF AGENCY'S SEARCH**

Next, Plaintiff argues that Defendant did not provide evidence of the adequacy of its search of its records pursuant to Plaintiff's FOIA request. (Opp. Br. at 8–9.) The Court finds Plaintiff's arguments unpersuasive.

In a FOIA case, "even where an agency has already produced the requested records," the plaintiff may still have "a cognizable interest in having a court determine whether the search for records was adequate," and that is true even where the agency that is the subject of the litigation "has already produced the requested records." *Brustein & Manasevit, PLLC v. United States Dep't of Educ.*, 30 F. Supp. 3d 1, 5 (D.D.C. 2013) (internal quotation marks and brackets omitted); *Judicial Watch, Inc. v. FDA*, 514 F. Supp. 2d 84, 88 (D.D.C. 2007) (noting that "courts deciding FOIA disputes always have jurisdiction to determine the adequacy of a search by the agency for records duly requested under the FOIA") (internal quotation marks and citation omitted; *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) ("A FOIA claim is not moot . . . if the agency produces what it maintains is all the responsive documents, but the plaintiff challenges whether the agency's search for records was adequate. In that situation, there is still a live controversy regarding whether the agency is withholding records.") (internal quotation marks and citations omitted), *overruled on other grounds, Animal Legal Def. Fund v. United States Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)).

Under FOIA, "an agency has a duty to conduct a reasonable search for responsive records." *Lechliter v. Rumsfeld*, 182 F. App'x. 113, 115 (3d Cir. 2006) (citations omitted).  The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).)  To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched."  *Id.* (quoting *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321,

326 (D.C. Cir. 1999).)   However, an agency's affidavits "need not set forth with meticulous documentation the details of an epic search for the requested records." *Manna v. United States Dep't of Justice*, 815 F. Supp. 798, 817 (D.N.J. 1993) (citing *Perry*, 684 F.2d at 126.)  "Moreover, a district court may award summary judgment on the basis of agency affidavits alone where the affidavits are sufficiently detailed and are submitted in good faith." *Manna*, 832 F. Supp. at 870 (citing *Simmons v. United States Dep't of Justice*, 796 F.2d 709, 711–12 (4th Cir.1986).)  "Only when the agency's responses 'raise serious doubts as to the completeness of the search or are for some other reason unsatisfactory' will granting summary judgment in the agency's favor usually be inappropriate." *Manna*, 815 F. Supp. at 817 (quoting *Perry*, 684 F.2d at 126.)

Here, to demonstrate the adequacy of its search, Defendant submitted a declaration from Gorka Garcia-Malene, the FOIA Officer for NIH, describing the NIH's standard review process it utilizes for handling and responding to all FOIA requests.  (Garcia-Malene Decl. ¶¶ 5–8.)  During the review process, if the NIH determines that the requested records had been made available to the public the NIH sends a letter to the requestor detailing where he or she may access the records. (*Id.* ¶ 8.)  Accordingly, "[o]n April 23, 2021, NIH finalized the search of the requested records, and determined that they had been posted for public inspection on the NIH official government website." (*Id.* ¶ 13.)  NIH informed Plaintiff that "all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines are publicly available" and sent the Plaintiff the link to access all responsive documents.  (*Id.* ¶¶ 13–14.)

Plaintiff does not argue that Defendant's search itself was inadequate, only that Defendant's affidavit and supporting materials are not sufficiently detailed to demonstrate that it conducted an adequate search.  (Opp. Br. at 8–9.)  Specifically, Plaintiff contends that the Garcia-Malene Declaration only provided a description of "NIH's standard review process" but failed to

affirm that such a process was actually followed in responding to Plaintiff's FOIA request nor that it was appropriate to apply this process to his request. (*Id.* at 8.) However, an individual making a FOIA request must follow the published FOIA regulations for the agency to which the request is directed. *See Lechliter*, 371 F. Supp. 2d at 594 (citing 5 U.S.C. § 552(a)(3)(A)(ii).) In this case, in processing Plaintiff's FOIA request, Defendant determined that the records Plaintiff requested were publicly available. Pursuant to the standard review process described in the Garcia-Malene Declaration, Defendant then informed Plaintiff that his requested records were available publicly on the NIH website and sent him the NIH Link to access the responsive records.

Further, the inquiry into the adequacy of the search begins with the "presumption that the agency affidavits and the related search were made in good faith." *Jackson v. United States Gen. Servs. Admin.*, 267 F. Supp. 3d 617, 622 (E.D. Pa. 2017) (citations omitted). For Plaintiff to rebut such a presumption, "more than purely speculative claims about the existence and discoverability of documents" must be presented, since "[s]peculation that uncovered documents may exist is insufficient to show that the agency's search was unreasonable." *Id.* Here, Plaintiff does not allege that uncovered documents may exist or that Defendant has improperly withheld any records. Plaintiff offers no arguments or support that raises substantial doubt that Defendant's search was adequate. *See Cozen O'Conner v. U.S. Dep't of Treasury*, 570 F.Supp.2d 749, 766 (E.D. Pa. 2008) (citing *Valencia-Lucena*, 180 F.3d at 326) ("[T]he requesting party may defeat the agency's motion for summary judgment by producing evidence that raises a substantial doubt that the search was adequate.")

In sum, because Defendant has provided affidavits supporting its assertion that it conducted a reasonable, adequate and good faith search, and it has released all nonexempt material, while Plaintiff has not challenged the adequacy of the search or the documents produced, the Court

concludes that there is no genuine issue of material fact as to NIH having properly discharged its obligation under FOIA.  The Defendant's Motion for summary judgment is therefore GRANTED.

**IV.**    <u>**CONCLUSION**</u>

For the reasons stated above, the Court will GRANT Defendant's motion for summary judgment.  An appropriate Order will follow.


Date: **March 29, 2023**

<u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
