No. 23-1601

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

———— ⬤ ————

**JIN-PYONG PETER YIM,**

*Plaintiff-Appellant,*

— v. —

**NATIONAL INSTITUTES OF HEALTH,**

*Defendant-Appellee.*

——————————

On Appeal from the United States District Court
for the District of New Jersey – Civil No. 21-7031 (ZNQ) (LHG)

═══════════════════

**BRIEF OF DEFENDANT-APPELLEE
NATIONAL INSTITUTES OF HEALTH**

═══════════════════

PHILIP R. SELLINGER
United States Attorney
MARGARET ANN MAHONEY
Assistant United States Attorney
District of New Jersey
970 Broad Street #700
Newark, NJ 07102
(973) 645-2761

# __Table of Contents__

Preliminary Statement ................................................................. 1

Statement of Jurisdiction ............................................................ 4

Standard of Review ..................................................................... 4

Statement of Related Cases and Proceedings ............................. 5

Issues Presented For Review ........................................................ 5

Statement of Facts ...................................................................... 6

    FOIA Filing and Proceedings In District Court .................................. 6

Summary of the Argument ......................................................... 12

Argument ................................................................................. 13

  A. There is no Genuine Issue of Material Fact as All Responsive
     Documents Were Produced Making The Matter Moot .................... 13

  B. FOIA Request is Moot and District Ct Has No Further Judicial
     Function ........................................................................... 17

Conclusion ............................................................................... 20

# Table of Authorities

## *Cases*

*Abdelfattah v. U.S. Dep't of Homeland Security,*
  488 F.3d 178 (3d Cir. 2007)..............................................................4

*Amano v. Martin,*
  157 F. Supp. 3d 392 (D.N.J. 2015) ........................................... 13

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) ........................................................... 13, 14

*Baker v. U.S. Dept. of Homeland Sec.,*
  Civ No. 11-cv-588, 2012 WL 245963 (Jan 25, 2012 M.D. Pa.) ............... 19

*Brooks v. Kyler,*
  204 F.3d 102 (3d Cir. 2000)....................................................... 13

*Camesi v. University of Pittsburgh Medical Center,*
  729 F.3d 239 (3d Cir. 2013)....................................................... 15

*Campbell v. Social Security Admin.,*
  446 F. App'x 477 (3d Cir.2011) ........................................... 14, 18

*Carter v. Veterans Admin.,*
  780 F.2d 1479 (9th Cir.1986) ..................................................... 17

*Crooker v. United States State Department,*
  628 F.2d 9 (D.C.Cir.1980) ....................................................... 18

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ................................................................. 5

*Faush v. Tuesday Morning, Inc.,*
  808 F.3d 208 (3d Cir. 2015).......................................................... 5

*Genesis Healthcare Corp. v. Symczyk,*
  569 U.S. 66 (2013) ................................................................. 15

*Goodmann v. People's Bank,*
  209 F. App'x 111 (3d Cir.2006) ................................................. 15

*Hajro v. United States Citizenship & Immigr. Servs.*,
811 F.3d 1086 (9th Cir. 2016) .................................................................. 18

*Jutrowski v. Twp. of Riverdale*,
904 F.3d 280 (3d Cir. 2018)..................................................................... 14

*Kissinger v. Reporters Comm. for Freedom of Press*,
445 U.S. 136 (1980) .................................................................................. 17

*Lechliter v. Dep't of*,
*Def.*, 371 F. Supp. 2d 589 (D. Del. 2005)................................................ 19

*Lewis v. Continental Bank Corp.*,
494 U.S. 472 (1990) .................................................................................. 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ........................................................................... 13, 14

*McDonnell v. United States*,
4 F.3d 1227 (3d Cir. 1993)................................................................... 5, 18

*Mollett v. Leicth*,
511 F. App'x 172 (3d Cir.2013) ............................................................... 15

*OSHA Data/CIH, Inc. v. U.S. Dept. of Labor*,
220 F.3d 153 (3d Cir.2000)............................................................... 14, 18

*Perry v. Block*,
684 F.2d 121 (D.C. Cir. 1982) .......................................................... 17, 18

*Swick v. United States Dep't of the Army*,
596 F. Supp 3d 66 (D.D.C. 2022) .................................................... 14, 18

*Voinche v. FBI*,
999 F.2d 962 (5th Cir.1993) .................................................................... 17

*Weiss v. Regal Collections*,
385 F.3d 337 (3d Cir.2004)...................................................................... 15

## *Statutes*

5 U.S.C. § 552 ................................................................................... 1

5 U.S.C. § 552(a)(4)(b) ..................................................................... 3

28 U.S.C. § 1291 ............................................................................... 4

## *Rules*

Fed. R. App. P. 32(a)(6) ................................................................. 21

Fed. R. App. P. 32(a)(7) ................................................................. 21

Fed. R. App. P. 32(f) ...................................................................... 21

Fed. R. Civ. P. 56(c)(2) .................................................................. 13

The National Institutes of Health ("NIH") ("Defendant-Appellee" or "Appellee") respectfully submit this brief in response to *pro se* Plaintiff-Appellant Jin-Pyong Peter Yim's ("Yim") Brief.

## PRELIMINARY STATEMENT

This matter relates to *pro se* Plaintiff-Appellant Yim's request to the NIH pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain documents relating to NIH's COVID-19 treatment guidelines and recommendations. Specifically, on January 28, 2021, Yim requested: "All updates to the Coronavirus Disease 2019 (COIVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2012 to 01/28/2021)". *See* Declaration of Gorka Garcia-Malene ("Garcia-Malene Decl.") ¶ 9, SA040. During the time period requested by Yim, the only update to the NIH's guidelines concerned the drug ivermectin, which the NIH published on January 14, 2021, on its public website. *See* Garcia-Malene Decl. ¶ 13, SA040. Approximately three weeks later, on March 31, 2021, Yim filed a complaint in the District of New Jersey. *See* Complaint, JA20-28.

On April 23, 2021, the NIH determined that the requested information was made public and was posted on the NIH's official

government website. *See* Garcia-Malene Decl. ¶ 13, SA040. On that same day, via email, as its response to Yim's FOIA request, the NIH provided Yim with the exact link to the information on NIH's public webpage. *Id.* The NIH also offered to print out the information and send it to him if he was not able to access the website himself. *Id.* ¶ 14, SA040-41. Through these actions, the NIH fully discharged its obligations under FOIA and the complaint was rendered moot. However, Mr. Yim refused to accept NIH's response. As a result, on September 24, 2021, after numerous emails between the parties did not resolve Yim's confusion, the NIH filed a Motion for Summary Judgement with the District Court which was granted on March 29, 2023. Specifically, the District Court held that the NIH conducted a reasonable, adequate and good faith search for documents responsive to Yim's FOIA request and that it released all nonexempt material. *See* District Court Opinion, Docket No. 29 at 9-13, JA11-15 ("The NIH has produced the requested documents to Plaintiff. Plaintiff does not object to the completeness of the production, nor does he allege that the Defendant has withheld any specific documents described in his request.) The Court also found that Yim did not challenge the adequacy of the search or the information produced. *Id.* The District Court concluded that there

was no genuine issue of material fact as to NIH having properly discharged its obligation under FOIA. *Id*. The District Court further ruled that Yim's remaining objections were without merit as the objections simply [1] complained about the timing of NIH's response and [2] complained that the NIH allegedly failed to confirm that the documents were responsive because the *statements* in Defendant's email correspondence on April 27, 2021, and the signed FOIA response letter dated August 31, 2021, were slightly and immaterially different.

Having found that the NIH discharged it obligations under FOIA, and pursuant to 5 U.S.C. § 552(a)(4)(b), the District Court correctly held that it had "no further statutory function to perform under FOIA with respect to Plaintiff's FOIA claim." *Id.*

Yim now appeals that ruling asserting that there is a genuine issue of material fact because he believes there is uncertainty regarding the existence of the record requested despite having received the record on multiple occasions. In addition, Yim believes the District Court erred when it held that it had no further statutory function under FOIA. Yim is incorrect on both points.

For the reasons asserted below, this Court should deny Appellant's appeal and affirm the decision below.

## STATEMENT OF JURISDICTION

*Pro se* Petitioner-Appellant Peter Yim appeals the District Court's granting of summary judgement in favor of the NIH. On March 29, 2023, the District Court granted Defendant's Motion for Summary Judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure and closed the civil matter. *See* District Court's Order, Docket No. 30, JA1. The is a final judgment that disposed of all of Yim's claims.

Yim timely filed a Notice of Appeal from the District Court's Order on April 1, 2023. *See* Petitioner's Appeal, District Court Docket No. 31, JA2. This Court has appellate jurisdiction to review the final judgment of the District Court pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

This Court employs a unique, two-tiered standard in reviewing a district court's order granting summary judgment to a federal agency in FOIA litigation under § 552(a)(4)(b). *Abdelfattah v. U.S. Dep't of Homeland Security*, 488 F.3d 178, 182 (3d Cir. 2007) (per curiam). Specifically, the Court first decides whether the district court's ruling has an adequate

factual basis, i.e., whether the federal agency's withholding-rationale is "full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *McDonnell v. United States*, 4 F.3d 1227, 1242 (3d Cir. 1993). If that threshold question is answered in the affirmative, the Court next decides whether the district court's ruling is clearly erroneous, reversing only if its findings are unsupported by substantial evidence. *See id.* Review of the District Court's grant of summary judgment is de novo. *See Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015); *see also*, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

The instant case has not previously been before this court. Appellee is unaware of any other related case or proceedings that are completed, pending, or about to be presented before this or any other court or agency, state or federal.

## ISSUES PRESENTED FOR REVIEW

Was the District Court's grant of Summary Judgement on behalf of the National Institutes of Health proper as there is no disputed issue of

material fact?

## STATEMENT OF FACTS

### FOIA Filing and Proceedings in District Court

On or about January 28, 2021, Yim filed a FOIA request with the NIH asking for: "All updates to the Coronavirus Disease 2019 (COIVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2012 to 01/28/2021)". *See* Garcia-Malene Decl. ¶ 9, SA040. Yim also requested expediated processing of his request. *Id.* On February 11, 2021, the NIH denied Yim's request for expedited processing. *Id*. ¶ 10. On March 7, 2021, Yim requested an estimated completion date for his FOIA request and on March 8, 2023, NIH responded stating that his request was being processed and was in the queue behind all other requests received ahead of his. *Id* ¶ 11. In addition, the NIH informed Yim that once the review begins on any records responsive to his request, the NIH will provide him with an estimated completion date. *Id.* Approximately three weeks later, on March 31, 2021, Yim filed a complaint in the District of New Jersey. *See* Complaint, JA20-28. On April 23, 2021, the NIH determined that the requested information was made public and was posted on the NIH's official government website.

*See* Garcia-Malene Decl. ¶ 13, SA040.  On that same day, via email, as its response to Yim's FOIA request, the NIH provided Yim with the exact link to the information on NIH's public webpage. *Id.*  The NIH also offered to print out the information and send it to him if he was not able to access the website himself.  *Id.* ¶ 14, SA040-41.

On May 3, 2021, the Government contacted Yim via email about his satisfied FOIA request. *See* Docket No. 16, Exhibits B, B-1 & C, SA007-16. However, Yim refused to accept NIH's response and, instead, Yim demanded that the NIH confirm that the information he requested did *not* exist.  Yim replied via email on May 4, 2021, and stated, "NIH must confirm that the record I requested does not exist." *Id*.  The Government replied on May 5, 2021, and informed Yim that the information he requested did in fact exist and, as the NIH FOIA response indicated, all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines are publicly available on NIH's website.  *See* Garcia-Malene Decl. ¶ 14, SA040-41; *See also*, Docket No. 16, Exhibits B, B-1 & C, SA007-16.  In addition, the Government attached in the email a direct link to the information as follows:

> Please be advised that the information you are requesting is ***publicly available***.  For your convenience, I provide below a more direct link

7

to the information.

The link is https://www.covid19treatmentguidelines.nih.gov/whats-new/

Down along the left hand side of the page is a link to the guidelines archive where all previous versions reside https://www.covid19treatmentguidelines.nih.gov/archive/

*Id.* Yim responded via email and stated, "NIH's response is not acceptable. I insist that NIH confirm that the record that I requested does not exist." *Id*. ¶ 14, SA040-41. On May 6, 2021, the Government replied again stating that the records he requested do in fact exist and that the search conducted by the NIH FOIA office revealed that the records were made public and are posted on the NIH's website. *Id*. The Government informed Yim that if he was unable to access the NIH web page or needed assistance with printing the information, the NIH would assist him by supplying a printed copy of the publicly available information from the NIH web page. *Id*. The Government also informed Yim that it would make every reasonable effort to provide him with the responsive records. Yim declined to respond further to the Government stating, "I remain convinced that my case against NIH is strong. I would like to discontinue this discussion." *Id*. As a result, on May 7, 2021, the Government sent a letter to the District Court requesting an expedited status conference in order to determine that

the NIH had supplied plaintiff with the responsive documents thereby mooting the matter. That request was denied. *Id* ¶ 15, SA041.

On August 26, 2021, following a status conference with the Court held on August 25, 2021, the Government contacted Yim via email asking him to supply the exact web link he would like the NIH to certify as the responsive record to his FOIA request. *Id.* ¶ 16, SA041. On August 26, 2021, Yim supplied the Government with the exact link he wanted certified. *Id.* On August 27, 2021, the Government replied to Yim via email confirming that the specific Ivermectin-recommendation link he sent the day before was a valid NIH link and he acknowledged that it was responsive to his FOIA request. *Id.* Specifically, the email stated:

> Mr. Yim, Please be advised that the link you supplied, to wit [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request (#55822). As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested. It appears you were able to locate the publicly available document with those directions.
>
> The NIH considers your FOIA request satisfied and based upon your representations to the Court, you will now also consider your FOIA request satisfied. To that end, attached above is a Stipulation of Dismissal Without Prejudice. Please review the Stipulation, sign it, and email it back to me at your earliest convenience. Once I have the signed Stipulation, I will file it with the court, send you a copy via email, and the matter will be closed. Thank you very much.

*See* District Court Docket No. 16-8, SA019-20.

Despite his earlier representations to the District Court that an email reply from the Government certifying the link would satisfy him, on August 27, 2021, Yim replied stating, "I would like this change to be reflected in the formal NIH FOIA response letter," *Id*.; *see also* District Court Docket No. 16, Exhibit I, SA28-30. Later that day, and concerned about Yim's constantly changing demands, the Government responded to Yim and requested that he supply the exact language he needed in the letter in order to satisfy him. *See* Garcia-Malene Decl. ¶ 16, SA041. On August 27, 2021, Yim replied, "The language from your previous email is fine. I am interested to know if an NIH employee is willing to sign the letter." *Id*.; *See also*, ECF No. 16, Exhibit I, SA28-30.

Further, the NIH created a new second FOIA response letter, dated August 31, 2021, signed by NIH FOIA Officer Gorka Garcia-Malene, which included the language requested by Yim. *See* District Court Docket No 16-11, SA025-27; s*ee also,* Garcia-Malene Decl. ¶ 16, SA041. The Government sent the new FOIA response letter to Yim via email on September 1, 2021, at 11:26 a.m. *See* District Court Docket Nos. 16 -13 & 14, SA031-32. Specially, the August 31, 2021, FOIA letter signed by NIH FOIA Officer

Garcia-Malene stated in relevant part:

> Dear Mr. Yim: This is a complete response to the Freedom of Information Act (FOIA) request that is the subject of the Complaint filed in *Yim v. NIH,* 21-cv-07031, now pending in the U.S. District Court for New Jersey.  Your FOIA request, dated January 28, 2021, was received by the National Institutes of Health (NIH) January 29, 2021. You requested all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel (Date range for record search from 01/01/2021 to 01/28/2021).  Per the final response sent on April 23, 2021, all approved updates to the guidelines are posted online and can be found at [NIH link]. The documents posted on this website respond to your request in full.
>
> Please be advised that [NIH link], is a valid NIH link that directs you to the document responsive to your FOIA request **date range from 1/01/2021 to 0/28/2021 (#55822). (emphasis added to show difference between August 27, 2021 email).** As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested. It appears you were able to locate the publicly available document with those directions.

*Id.*

On September 2, 2021, after receiving the new, signed FOIA response letter from the NIH, Yim filed a "status update" letter with the District Court and acknowledged that the NIH provided him with the responsive information stating, "I responded in an email on August 27 that I will accept that statement as the NIH FOIA response provided that an employee of the NIH signs a document with that statement. The Defendant has not agreed

to that offer." *See*, ECF No. 14, SA068-75. As the record above shows, that statement is demonstrable false.

Realizing that additional communications with Yim would not be productive, on September 24, 2021, the NIH filed its Motion for Summary Judgement with the District Court. *See* District Court Docket Nos. 18-23, JA18. Yim filed an opposition on October 13, 2021 and the NIH replied on October 29, 2021. *See* District Court Docket Nos. 24 & 26, JA18. On March 29, 2023, the District Court granted Summary Judgement on behalf of the NIH, holding that the NIH conducted a reasonable, adequate and good faith search for documents responsive to Yim's FOIA request and that it released all nonexempt material. *See* District Court Opinion, Docket No. 29 at 9-13, JA11-15. The District Court also found that Yim did not challenge the adequacy of the search or the documents produced. *Id*. The District Court concluded that there was no genuine issue of material fact as to NIH having properly discharged its obligation under FOIA. *Id.*

## SUMMARY OF THE ARGUMENT

The Court should affirm the District Court's order granting summary judgement to the NIH. The NIH discharged its obligations under FOIA, no disputed issues of material fact were before the District

12

Court, and the NIH is entitled to judgment in its favor as a matter of law.

Accordingly, the Court should affirm the decision below.

## ARGUMENT

### A. There is no Genuine Issue of Material Fact as All Responsive Documents Were Produced Making The Matter Moot

Summary judgment is proper if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000).   The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Amano v. Martin*, 157 F. Supp. 3d 392, 400 (D.N.J. 2015), aff'd 703 F. App'x 111 (3d Cir. 2017) (quoting *Anderson,* 477 U.S. at 248).   A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*   The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In other words, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent summary judgment.  *See Anderson,* 477 U.S. at 252; s*ee also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Here, there is no genuine issue of material fact that would affect the outcome of the matter.  All responsive documents were produced making the FOIA claim moot. *See Campbell v. Social Security Admin.,* 446 F. App'x 477, 480 (3d Cir.2011) (plaintiff's claim under FOIA was moot with respect to documents that were produced); *OSHA Data/CIH, Inc. v. U.S. Dept. of Labor,* 220 F.3d 153, 157 n. 6 (3d Cir.2000) (where parties agreed that records sought by plaintiff pursuant to FOIA claim had been produced by the Department of Labor, that count was moot); *see also, Swick v. United States Dep't of the Army*, 596 F. Supp 3d 66, 73 (D.D.C. 2022) ("[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been

made.")(citations omitted).

Article III of the United States Constitution requires that "an actual controversy must be extant at all stages of [the Court's] review, not merely at the time the complaint is filed." *Camesi v. University of Pittsburgh Medical Center,* 729 F.3d 239, 247 (3d Cir. 2013) (*quoting Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 72 (2013)). A claim which is moot therefore presents a separate insurmountable jurisdictional defect. *See Mollett v. Leicth,* 511 F. App'x 172, 173 (3d Cir.2013) ("If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it.") (citation omitted); *Goodmann v. People's Bank,* 209 F. App'x 111, 113 (3d Cir.2006) (noting that a "District Court lacks subject matter jurisdiction when the controversy has become moot" and affirming the dismissal of a mooted civil action; *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3d Cir.2004) (a court no longer has subject-matter jurisdiction when a claim is moot because its jurisdiction is limited to "cases and controversies" under Art. III of the Constitution). "An action is rendered moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation.'" *Camesi,* 729 F.3d at 247 (quoting *Szmczyk,* at 72) (internal

quotation marks omitted); *see also, Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-478 (1990).

It appears that Yim's dissatisfaction stems *not* from the complete production of responsive documents by the NIH, but from the insignificant and wholly immaterial difference in the *wording* between the August 27, 2021, email confirming the FOIA production and August 31, 2021, second formal FOIA letter signed by NIH FOIA officer Gorka Garcia-Malene sent at Yim's request. The difference Yim takes issue with is the addition of the phrase "date range from 1/01/2021 to 0/28/2021 (#55822)" in the August 31, 2021 FOIA response letter. Oddly, he appears to imply nefarious intent on behalf of the NIH, insinuating that the addition of the phrase somehow materially alters the NIH's response. It does not. The phrase was added to the August 31, 2021, letter because that letter is the formal NIH FOIA response letter and therefore it included the wording of Yim's formal FOIA request. The August 27, 2021, communication was a less formal email with Yim and therefore, did not include the complete language of Yim's FOIA request. Regardless of why or how the difference in wording occurred, it does not alter the fact that the NIH fully discharged its obligation under FOIA by conducting a search reasonably calculated to uncover all relevant

documents and by producing all responsive information to Yim.

Moreover, the NIH provided a detailed, nonconclusory affidavit by NIH FOIA office Gorka Garcia-Malene describing NIH's administrative handling and processing of Yim's FOIA request. *See*, District Court Docket No. 20, SA038-58. As a result, this Court should find, as the District Court properly found that there are no disputed issues of material fact and the NIH was entitled to judgment in its favor as a matter of law.

## B. FOIA Request is Moot and District Ct Has No Further Judicial Function

The NIH produced all responsive documents covered by Yim's request. That is all that is required by FOIA. As the District Court correctly pointed out, under § 552(a)(4)(B) of FOIA, federal courts only have jurisdiction over FOIA requests where a plaintiff shows that "an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). Once all requested nonexempt records have been produced, the district court has no further judicial function to perform under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("once all requested records are surrendered, federal courts have no further statutory function to perform"); *see also, Voinche v. FBI,* 999 F.2d 962, 963 (5th Cir.1993); *Carter v. Veterans Admin.,* 780 F.2d 1479, 1480–

81 (9th Cir.1986).

The NIH's production of responsive documents rendered the matter moot. *See, Campbell v. Social Sec. Admin.*, 446 F. App'x 477, 480 (3d Cir. 2011) (citing *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor,* 220 F.3d 153, 168 (3d Cir.2000)(upholding district court's mootness determination where the agency produced all responsive records in its possession despite plaintiff's dissatisfaction with the response) *See also McDonnell v. United States,* 4 F.3d 1227, 1240 (3d Cir.1993) (Once the agency has responded to a FOIA request, however, any case pending under § 552(a)(6)(C) becomes moot.)    It is well established that once the Government produces the requested documents, the claim for relief becomes moot. *See Swick v. United States Department of Army,* 596 F. Supp. 3d 66, 72 (D.D.C. 2022) (quoting *Perry v. Block,* 684 F.2d 121, 125 (D.C.Cir. 1982) *(per curiam) (alteration in original); Crooker v. United States State Department,* 628 F.2d 9, 10 (D.C.Cir.1980) ("(o)nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); *see also Hajro v. United States Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016) ("(A)fter the agency produces all non-exempt documents ..., the specific FOIA claim

is moot because the injury has been remedied"); *Lechliter v. Dep't of Def.*, 371 F. Supp. 2d 589, 597 (D. Del. 2005) ("[O]nce the records are produced, the controversy becomes moot.")   This is because the "essence of the complaint has been eliminated through the making of the disclosure." *See Baker v. U.S. Dept. of Homeland Sec.*, Civ No. 11-cv-588, 2012 WL 245963 (Jan 25, 2012 M.D. Pa.) (citing *Perry v. Block,* 684 F.2d 121, 125 (D.C.Cir.1982).

Here, Yim incorrectly asserts that there is uncertainty regarding the existence of the requested records.  The records were produced to him on multiple occasions.  For example, as stated above, on April 23, 2021, he was told via email the information responsive to his request was made public and was located on the NIH's webpage.  Then again on May 3, 5, and 6, 2012, he was told via email that his FOIA request had been satisfied by the public release of the information he sought and he was directed to the NIH's public web page.   On August 25, 2021, at the District Court's status conference call, on August 27, 2021, via email and on August 31, 2021, via a second formal FOIA response letter, Yim was yet again told the information he sought existed, was publicly available and he was again given the exact internet link to the responsive information.  It appears that

no matter how times Yim is told that the information he requested exists and no matter how many times he is directed the *exact* location of the information, he will not accept reality. Despite Yim's knowledge of these facts, he continues to claim there is uncertainty regarding the existence of the records. There is no uncertainty. The information Yim requested exists and was produced to him rendering his FOIA request moot. The District Court correctly ruled that it has no further judicial function to perform under FOIA, and properly granted summary judgment in favor of the NIH.

## <u>CONCLUSION</u>

This Court should affirm the district court's order dated March 29, 2023, granting summary judgement and dismissing the matter with prejudice.

Respectfully submitted,

Dated:  Newark, New Jersey
        August 7, 2023

PHILIP R. SELLINGER
United States Attorney

By: *s/ Margaret Ann Mahoney*
    MARGARET ANN MAHONEY
    Assistant United States Attorney

# **CERTIFICATE OF COMPLIANCE**

The U.S. Attorney's Office certifies the following:

1.  This brief complies with the length limitations of Fed. R. App. P. 32(a)(7) because this brief contains no more than 4,315 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), and thus does not exceed the 13,000-word limit.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it is in a proportionally-spaced typeface (Century Schoolbook) that is at least 14 points.

3.  The text of the electronic brief in Adobe PDF format is identical to the text of the paper copies of the brief. The electronic brief has been scanned upon e-mail transmission by the continuously-updated virus detection program Trend Micro "Office Scan" for Windows, and no virus was detected.

*s/ Margaret Ann Mahoney*
MARGARET ANN MAHONEY
Assistant United States Attorney

Dated:     August 7, 2023

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on August 7, 2023, I caused the Brief for Defendant-Appellee to be filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by (a) electronic filing in the PDF form using the Circuit's electronic filing system, and (b) paper filing of one original and six copies of the Brief by Federal Express to the Clerk.

I also certify that on August 7, 2023, I caused the Brief for Defendant-Appellee to be served on the Plaintiff-Appellant by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, and also by mailing a paper copy by First Class Mail to:

The documents were sent to the following addresses:

**<u>EMAIL</u>**:
Yimpjp@gmail.com

**<u>MAILING ADDRESS</u>**:
Jin-Pyong Peter Yim
912 Primrose Ct.
Belle Mead, NJ 08502

*s/ Margaret Ann Mahoney*
MARGARET ANN MAHONEY
Assistant United States Attorney

Dated: August 7, 2023